UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-219-KSF

MICHAEL JOHNSON                                                              PLAINTIFF

vs.                                 **OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Motion for Summary Judgment to reverse the decision of the Commissioner denying benefits [DE 14] and Defendant's Motion for Summary Judgment to affirm that decision [DE 18]. For the reasons discussed below, the Defendant's motion will be granted and the Plaintiff's motion will be denied.

**I.**        **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed a prior application for a period of disability and disability insurance benefits on June 14, 2004, and it was denied by an administrative law judge's ("ALJ") decision dated December 14, 2005. [Tr. 55-63]. The decision was affirmed on appeal to the district court. [Tr. 66-76].

On April 20, 2006, Plaintiff filed the present application for benefits alleging disability as of December 15, 2005, the day after the adverse ALJ decision. [Tr. 101-6]. The application was denied initially, upon reconsideration, and by ALJ decision on January 9, 2008. [Tr. 78-81, 87-89, 556-63]. His request to the Appeals Council was denied April 30, 2009. [Tr. 1-3].

Plaintiff was last insured for disability insurance benefits on December 31, 2005, at which time he was forty-eight-years old. [Tr. 10]. He is a high-school graduate and worked as a truck driver. [Tr. 11]. He claims he is unable to work due to pain in his back, neck, shoulders, knees and legs. [Tr. 13-14]. The ALJ found that Johnson had a severe combination of impairments: arthritis

and degenerative disc disease at L4-L5 and L5-S1. [Tr. 558, Finding 3]. However, he found that the impairments, singly or in combination, did not meet or equal one of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1. [Tr. 560, Finding 4]. The ALJ determined that Johnson had the residual functional capacity to perform light work with restrictions: sit/stand option every forty-five minutes; no more than occasional stooping, bending, crouching, crawling or stair climbing; and no more than simple, repetitive, and routine tasks in non-public settings. [Tr. 560, Finding 5]. The ALJ found that Johnson could not perform his past relevant work. [Tr. 561, Finding 6]. After considering the testimony of the Vocational Expert, the ALJ decided Johnson could perform other work existing in significant numbers in the national economy. [Tr. 562, Finding 10]. Accordingly, the ALJ found Johnson was not disabled. [Tr. 563, Finding 11].

There was agreement at the administrative hearing on November 6, 2007, that the only relevant time period under consideration by the ALJ was the sixteen-day period between Johnson's application for benefits on December 15, 2005, and the last date of his eligibility for benefits on December 31, 2005. [Tr. 9]. The ALJ emphasized that he was not dealing with Johnson's current status, but rather with his status two years earlier. *Id.*

On appeal to this Court, Johnson argues that the ALJ "failed to properly consider new and material evidence relevant to or relating back to the remaining sixteen days of the unadjudicated period." [DE 14-1, p. 2]. He argues that the ALJ failed to accord controlling weight to the opinion of Johnson's treating physician, Dr. Hoskins, and disregarded new and material evidence from Hoskins. *Id.* at 4.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and whether the proper legal standards were followed. 42 U.S.C. § 405(g); *Longworth v. Commissioner Social Security Admin.*,

402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* "Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Her v. Commissioner of Social Security*, 203 F.3d 388, 389-90 (6th Cir. 1999). The court must review the record as a whole and take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining whether a claimant has a compensable disability under the Social Security Act, the Commissioner must follow a five-step "sequential evaluation process." 20 C.F.R. § 404.1520(a)-(e); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). At the first step, the claimant must show he is not currently engaging in substantial gainful activity. 20 C.F.R. § 416.920(1)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that is severe. 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). At step four, the ALJ must determine whether the claimant can perform the requirements of his past relevant work. 20 C.F.R. § 404.1520(f). At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age,

education and work experience. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(f); 20 C.F.R. § 404.1560(c).

"When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997); *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990). *See also Wilson v. Califano*, 580 F.2d 208, 211 (6th Cir. 1978) ("Once the Secretary's decision denying a claim for benefits has become final, ... it may not be reviewed by the district court as part of another, subsequent decision by the Secretary.").

### B. The ALJ's Decision

The record reflects that the ALJ considered all the evidence and provided sound reasons for the weight he gave to the evidence. [Tr. 556-563]. The prior RFC determination is *res judicata* in the present proceeding under *Drummond,* 126 F.3d at 841, and the ALJ recognized it as such. [Tr. 556]. *See also Ealy v. Comm'r of Soc. Sec.*,172 F. App'x 88, 90 (6th Cir. 2006). The ALJ considered all the evidence to determine if there had been a subsequent, material change of conditions and found that Johnson's condition did not change materially during the sixteen-day period of eligibility. [Tr. 559, 561].

Johnson had the burden of proving he was disabled. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). A showing that an impairment became disabling after the expiration of the claimant's insured status is not sufficient to establish eligibility for disability benefits. *See King v. Secretary of Health and Human Services*, 896 F.2d 204, 205-6, (6th Cir. 1990). Johnson does not really argue in this Court that there were any changed circumstances during the sixteen-day period to overcome the *res judicata* effect of the prior ALJ decision. Instead, he attacks the weight given by the ALJ to the opinions of Dr. Hoskins and Dr. Brown [DE 14-1, pp. 4-5].

Johnson points to an MRI taken in November 2005, but that MRI was never made part of the record for his prior claim. It was not submitted as part of this claim until July 2007. [Tr. 202-04]. Dr. Hoskins mentioned that the MRI is attached in his January 31, 2006 treatment notes. [Tr. 289]. He noted on November 30, 2005 that Johnson was "anxious for the result of the MRI scan," but Dr. Hoskins also stated there was "no change in neck and back pain." [Tr. 293]. The ALJ references Dr. Hoskins' records acknowledging the MRI, but notes "they do not show any change instituted in his clinical assessments nor treatment plan. (Exhibit C5F)." [Tr. 559]. Johnson failed to identify any opinion of Dr. Hoskins from the relevant time period that the ALJ could have weighed.

In arguing that Dr. Hoskins' opinions are not given controlling weight, Johnson cites repeatedly to events **after** December 31, 2005, the last date of eligibility. For example, he refers to a treatment note of new pain on April 4, 2006; a May 31, 2006 note that hydrocodone was no longer easing left leg pain and there were increased anger issues; a September 7, 2006 note that Johnson's aggravation level had increased; and a May 19, 2007 note that Johnson needed something extra for depression. [DE 14-1, pp. 4-5]. This evidence that Johnson's condition may have worsened in 2006 and 2007 has no relevance to his condition during the last two weeks in December 2005. "[T]o establish entitlement to disability insurance benefits, an individual must establish that he became 'disabled' prior to the expiration of his insured status." *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990). Johnson failed to meet his burden in that regard. Moreover, Dr. Hoskins' notes are merely observations, not opinions or judgments as to Plaintiff's abilities. *See* 20 C.F.R. § 404.1527(a)(2); *Bass v. McMahon*, 499 F.3d 506, 510 (6th Cir. 2007) ("These observations, without more, are not the type of information from a treating physician which will be provided great weight...."). Overall, the ALJ's decision reflects that the evidence was evaluated in totality and in detail. The ALJ's findings were supported by substantial evidence and should be affirmed.

### III. CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

1. Plaintiff's Motion for Summary Judgment [DE 14] is **DENIED.**

2. The Commissioner's Motion for Summary Judgment [DE 18] is **GRANTED** and the decision of the Commissioner **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards.

3. Judgment consistent with this Opinion will be entered contemporaneously.

4. **THIS ACTION IS DISMISSED AND SHALL BE STRICKEN FROM THE ACTIVE DOCKET**.

This August 15, 2011.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge